No. 35,165

The Cities Service Oil Company, *Plaintiff*, v. Frank J. Ryan, as Secretary of State, Etc., *Defendant*.

(113 P. 2d 125)

Opinion filed May 10, 1941.

*A. M. Ebright* and *Roland Boynton*, both of Bartlesville, Okla., for the plaintiff.

*Jay S. Parker*, attorney general, and *A. B. Mitchell*, assistant attorney general, for the defendant.

The opinion of the court was delivered by

Harvey, J.: This is an original proceeding in mandamus and for a declaratory judgment construing certain statutes relating to the

amount of capitalization fee which should be paid by a foreign corporation which proposes to and does use a part of its capital in this state.

As shown by the pleadings, the controversy between the parties arises in this way: In July, 1927, the Empire Gasoline Company, a corporation organized under the laws of Delaware and authorized to do business in Kansas, amended its charter, changing its name to The Empire Oil and Refining Company (which name since has been changed to Cities Service Oil Company) and increasing its capital stock. These facts were certified to our secretary of state.

But there was not included in the certificate a statement of the amount or portion of its capital the corporation proposed to use in Kansas, and the capitalization fee for such intended use was not paid, as required by G. S. 1935, 17-221. This is said to have been an oversight. These omissions appear not to have been discovered in defendant's office until 1940. In the meantime the plaintiff corporation each year had filed its annual report and paid the annual license fee required by statute for doing business in this state. These reports show that the largest amount of its capital plaintiff used in this state any year since 1927 was used in the year 1929. On September 7, 1940, defendant wrote plaintiff calling its attention to the omission in its certificate of 1927 and its failure at that time to pay the capitalization fee. Plaintiff conceded its liability therefor and sent a check for what it regarded as the proper capitalization fee which should have been paid in July, 1927. This seems to have been computed upon the annual reports of the company filed with the secretary of state in December, 1926, and December, 1927, showing the amount of its capital used in Kansas those years. Defendant returned the check, declining to accept it, and asked for a larger sum computed upon plaintiff's report for 1929. Plaintiff contends defendant should have accepted the sum tendered, and asked for an order requiring him to do so, while defendant contends the larger sum should be paid.

The determination of the controversy requires the construction of two sections of our statute—G. S. 1935, 17-221 and 17-222—as they apply to the facts pleaded, although there are some other sections correlated thereto. The pertinent portions of the two sections mentioned read:

". . . (3) Every foreign corporation authorized by the charter board to engage in business in this state shall, before such certificate of authority is issued, pay to the secretary of state a fee to be known as capitalization fee,

based upon that proportion of its lawfully issued capital which it proposes to invest and use in the exercise and enjoyment of its corporate privileges within this state . . . (5) When any corporation doing business in this state shall increase its capital stock as heretofore provided, such corporation shall pay to the secretary of state, at the time of filing certificate thereof, a capitalization fee of one-tenth of one percent on the first one hundred thousand dollars or less of such increase. . . . Foreign corporations shall pay the same fee for increased capitalization as domestic corporations, except that the fee shall be based upon the amount of capital which. it proposes to use. in its business in the state of Kansas. . . ." (G. S. 1935, 17-221.)

"Whenever it shall appear to the secretary of state that there are reasonable grounds for believing that a foreign corporation seeking to do business in Kansas has understated or underestimated the amount of its capital stock which it proposes to use or does use in the exercise of its corporate business within this state, said secretary of state is hereby authorized to cause an investigation to be made at the expense of such corporation, of the corporate capital, business and assets of any such corporation, and his findings pertaining thereto shall be prima facie evidence of the correctness of such finding upon the company, and the company shall be liable forthwith to pay an additional capitalization fee as provided in this act based upon the estimate of the secretary of state of the corporate capital, business, assets and property which it seeks to use or does use and enjoy within the state of Kansas." (G. S. 1935, 17-222.)

Plaintiff stresses the point that in July, 1927, was the time when the capitalization fee should have been computed and paid, based upon the increase then made in the capital stock of the company and the amount of its capital it proposed to use in this state, citing on that point *State v. Railroad Co.*, 81 Kan. 404, 105 Pac. 685. Defendant concedes that point and says if the corporation had then certified the amount of its capital it proposed to use in Kansas, and had tendered the capitalization fee therefor, no doubt it would have been accepted, but points out that under section 17-222, if it developed the amount the company proposed to use in Kansas had been underestimated, defendant could have made an examination of the company, at its expense, to determine the amount of its capital actually used in the state, and could have assessed an additional capitalization fee therefor. Plaintiff points out that defendant did not follow that method, but took the annual report of the company for 1929 and computed the tax on the amount the report showed was actually used in this state. There is no contention this report was inaccurate; neither is it contended that had defendant made an investigation of plaintiff's business at its expense the result would have been different. It is clear, therefore, plaintiff is not damaged in any way by the method used by defendant. Plaintiff argues

defendant could have used a similar method in determining the capitalization fee due in July, 1927, by examining the annual reports of the company for 1926 and 1927. Let it be assumed defendant by this method could have discovered the amount of the company's capital stock used in this state in each of those years, and by assuming that is what the company intended to use at the time it increased its capital stock in July, 1927, could have computed what capitalization fee was due at that time. Even if by this method defendant had attempted to correct plaintiff's mistake in not making the proper certificate and paying the proper fee, still it would have been defendant's duty, when he found later the amount of plaintiff's capital used in this state had been underestimated, to have made an appropriate computation and asked for a larger capitalization fee.

It is clear from this record that plaintiff is not now asked by defendant to pay any greater fee than it should have paid years ago. It is benefited by the fact that defendant did not, at the expense of the company, investigate in 1929 or 1930 its use of the capital and make an independent computation of the part of it used in this state.

The result is, the writ prayed for should be denied. It is so ordered.